IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01310-BNB

RANDY LUCAS,

    Plaintiff,

v.

MS. ROBBIE BOLTON – Sex Offender Therapist, CTCF,
MR. ROBERT DICKMAN – Administrative Review Board Panel Member, CTCF,
MR. CHUCK MOSCHETII – Administrative Review Board Panel Member, CTCF,
MR. CHARLES OLIN – Administrative Review Board Panel Member, CTCF,
MR. BURT McCULLAR – SOTMP Program Manager, Arrowhead C.C., and
MR. JUDGE HARLAN R. BOCKMAN – Adams County District Court,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
                   CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Randy Lucas is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Lucas has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. As relief he seeks damages and removal of the sex offender label placed on him by prison officials.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Lucas is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Pursuant to § 1915A(b)(2), the Court is required to dismiss the complaint, or any portion of the complaint, that seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous and in part because Mr. Lucas seeks monetary relief from a defendant who is immune from such relief.

The Court must construe the complaint liberally because Mr. Lucas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Lucas challenges his classification as a sex offender because he contends that he has not been convicted of a sex offense and there is no factual basis for classifying him as a sex offender. He claims that his constitutional rights have been violated because he was classified without due process. Mr. Lucas specifically alleges that, after discovering he had been classified as a sex offender and requesting a hearing, he appeared before an administrative review panel that rejected his argument that he should not be classified as a sex offender. Mr. Lucas asserts that Defendants

2

Robert Dickman, Chuck Moschetii, and Charles Olin were members of the review panel. Mr. Lucas also has named as Defendants three individuals who were not members of the review panel. He contends that Defendant Robbie Bolton is a sex offender therapist who met with him after the administrative review hearing; that Defendant Burt McCullar rejected the grievances Mr. Lucas filed after the administrative review hearing because the issue was not grievable; and that Defendant Judge Harlan R. Bockman is an Adams County District Court judge who sentenced Mr. Lucas in 2005 and slandered Mr. Lucas by labeling him a sexually violent predator.

Defendants Bolton and McCullar will be dismissed as parties to this action for lack of personal participation. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lucas must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

As noted above, Mr. Lucas claims that prison officials violated his rights by classifying him as a sex offender without adequate due process. However, he fails to allege any facts to indicate that Defendants Bolton and McCullar were involved in the alleged denial of due process at the administrative review hearing. As noted above, Mr. Lucas alleges that Defendant Bolton met with him after the administrative review hearing and that Defendant McCullar rejected his grievances challenging the outcome

3

of the administrative review hearing. Mr. Lucas does not allege that either of these two Defendants participated in the administrative review hearing that he challenges in this action. To the extent Mr. Lucas may be claiming that Defendant McCullar was involved by rejecting the grievances Mr. Lucas filed relevant to the administrative hearing, the claim against Defendant McCullar lacks merit because there is no constitutional right to file a grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam).

The claim Mr. Lucas asserts against Judge Bockman also will be dismissed. As noted above, Mr. Lucas maintains that he was slandered by Judge Bockman at his sentencing in 2005 when Judge Bockman labeled him a sexually violent predator. However, judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It is apparent that Judge Bockman was acting in his judicial capacity when he sentenced Mr. Lucas and Mr. Lucas makes no allegation that Judge Bockman was acting in the clear absence of all jurisdiction. Therefore, the claim asserted against Judge Bockman is barred by absolute judicial immunity and will be dismissed.

The Court will not address at this time the merits of Mr. Lucas' due process claim against the Defendants Dickman, Moschetii, and Olin. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Robbie Bolton and Burt McCullar are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous. It is

FURTHER ORDERED that the claim asserted against Defendant Judge Harlan R. Bockman is dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because Judge Bockman is entitled to absolute judicial immunity. It is

FURTHER ORDERED that Defendants Robbie Bolton, Burt McCullar, and Judge Harlan R. Bockman are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01310-BNB

Randy Lucas
Prisoner No. 127007
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk