IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01310–ZLW–KMT

RANDY LUCAS,

    Plaintiff,

v.

MR. ROBERT DICKMAN - Administrative Review Borad Panel Member, CTCF,
MR. CHUCK MOSCHETII - Administrative Review Board Panel Member, CTCF,
MR. CHARLES OLIN - Administrative Review Board Panel Member, CTCF,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendants Dickman, Moschetti and Olin (hereinafter "Defendants") violated Plaintiff's Fifth, Eighth and Fourteenth Amendment rights. (Compl. at 2.) This matter is before the court on "Defendants' Combined Motion to Dismiss and Brief in Support of Motion to Dismiss Plaintiff's Complaint." ([Doc. No. 24] [hereinafter "Mot."]). Plaintiff filed his *pro se* Prisoner Complaint on June 20, 2008 ([Doc. No. 3] [hereinafter "Compl."]). Defendants filed their Motion to Dismiss on October 24, 2008. (Mot.) Plaintiff filed his Response on December 24, 2008. (Pl.'s Resp. to Def.'s Mot. to Dismiss [Doc. No. 31]

[hereinafter "Resp."])  Defendants did not file a reply.  This motion is ripe for review and recommendation.  Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of the Colorado Department of Corrections (hereinafter "CDOC").  (Mot. at 1.)  Defendants were members of a CDOC "review panel that conducted a hearing and administratively classified [Plaintiff] Lucas as a S-4 sex offender." (*Id.*)

In 2005, Plaintiff was charged with Attempted First Degree Murder After Deliberation; Sexual Assault, Victim Incapacitated Due to Serious Bodily Injury by Use of a Deadly Weapon; First Degree Assault Causing Serious Bodily Injury by Use of a Deadly Weapon; Second Degree Assault Causing Serious Bodily Injury; and Crime of Violence.  (Mot., Ex. A at 1.)  Plaintiff pled guilty to the attempted murder charge (*id.*) and "the rest of the charges were dropped." (Compl. at 3.)  After entering Colorado Territorial Correctional Facility (hereinafter "CTCF"), Plaintiff alleges that in February 2007 he "found out that CDOC, CTCF and the mental health department had classified [him as] a sex offender."  (*Id.* at 5.)

Plaintiff states that during December 2006 or January 2007 "[he] requested to go in front of [an] administrative review board, to get the sex offender status dropped."  (*Id.* at 4–5.) Plaintiff asserts that "about 2 months [later] . . . [he] went in front of said administrative review board . . . [and] presented [his] case." (*Id.* at 5.)  Plaintiff claims that he "showed [the administrative review board] proper evidence that showed [he] was not a convicted sex offender and that all other charges against [him] had been dropped."  (*Id.*)  The panel determined that Plaintiff's classification as a sex offender should not be removed.  (*Id.* at 3; Mot. at 8.)  Plaintiff

2

alleges that, in response, the panel "put that [Plaintiff] behaved in a sexually violent and abusive manner, . . . [his] behavior could threaten the safety of the public[,] . . . prison staff and [other] offenders, . . . [and that Plaintiff] did not offer any credible explanation." (Compl. at 5.)

Plaintiff claims that, as a consequence of being classified as a sex offender, he is "in constant fear of [his] life being threatened, or that somebody will find out and severly [sic] injure [him]." (*Id.* at 6.) Plaintiff further claims that he is "depressed . . . , [has] been denied job opportunities . . . , [and has] had certain jobs [] changed" as a result of his classification as a sex offender. (*Id.*) Plaintiff alleges that Defendants have violated his Fifth, Eighth, and Fourteenth Amendment rights "by labeling [him] a sex offender." (*Id.*) Plaintiff seeks compensatory damages in the amount of $75,000 for "pain and suffering, slander, depression, [and] stress," removal of his classification as a sex offender, and a reprimand of the defendants. (*Id.* at 10.)

Defendants seek dismissal on the following grounds: 1) Defendants are entitled to absolute immunity under the Eleventh Amendment; 2) Plaintiff cannot assert a section 1983 claim for damages before obtaining a reversal of the sex offender classification in state court; 3) Plaintiff's claim for damages is barred by the Prison Litigation Reform Act (hereinafter "PLRA"); 4) Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and 5) Defendants are entitled to qualified immunity in their individual capacities. (Mot.)

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* ***Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on separate grounds by Bell Atlantic*, 127 S. Ct. at 1959–60). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. at 555; *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement.

*Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

### *I.  Prison Litigation Reform Act*

Defendants assert Plaintiff is barred from pursuing a claim under 42 U.S.C. § 1983 as he fails to allege a prior physical injury pursuant to 42 U.S.C. § 1997e(e). (Mot. at 5–6.) Section 1997e(e) of the PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2008).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying section 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Although section 1997e(e) bars recovery of mental or emotional injury damages absent an allegation of physical injury, it does not bar recovery of punitive damages, declaratory relief, or nominal damages. *Id.* at 881 (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999).

Here, Plaintiff's does not allege that he suffered a physical injury as a result of his classification as a sex offender. Plaintiff merely alleges that he fears another inmate will learn of

his classification and threaten his life or severely injure him on that basis. Consequently, Plaintiff is properly barred from recovering compensatory damages from all defendants for alleged constitutional violations. *Searles*, 251 F.3d at 876 (holding the plain language of § 1997e(e) forecloses award of compensatory damages for substantive constitutional violation, regardless of the rights asserted, if the only injuries are mental or emotional). Accordingly, this court recommends Plaintiff's claims for compensatory damages be dismissed.

## II.     Official Capacity Claims

### A.     *Eleventh Amendment Immunity*

Section 1983 imposes civil liability upon any "person" who subjects another to a constitutional deprivation. 42 U.S.C. § 1983. Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for every such litigant. It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Hunt v. Colo. Dept. of Corr.*, 271 F. App'x 778 (10th Cir. 2008). But *Young* makes it clear that this exception "may not be used to

obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted).

Here, Defendants Dickman, Moschetti, and Olin were "members of the [CTCF] review panel that conducted a hearing and administratively classified [Plaintiff] Lucas as a S-4 sex offender." (Mot. at 1.) It cannot be disputed that Defendants are state officials; nor can it be disputed that there has been no waiver of immunity by Colorado or its state agencies from suits for damages under § 1983. The court finds that Defendants are entitled to absolute immunity under the Eleventh Amendment in their official capacities.

Accordingly, this court recommends Plaintiff's claim for compensatory damages against Defendants, in their official capacities, be dismissed with prejudice.

### III.     *Individual Capacity Claims*

While the court finds that Plaintiff's individual capacity claims for compensatory damages are barred pursuant to section 1997e(e) of the PLRA, the court nevertheless addresses the merits of Plaintiff's section 1983 claims to the extent Plaintiff seeks other redress.

#### A.     *Violation of Fifth Amendment Rights*

Plaintiff alleges that Defendants violated his Fifth Amendment rights. (Compl. at 5–6.) Since Plaintiff repeatedly alleges that his classification as a sex offender violated his "rights to [d]ue [p]rocess," the court will address Plaintiff's Fifth Amendment claim as including a Fourteenth Amendment due process claim.

### B.      *Violation of Procedural Due Process*

Plaintiff claims Defendants violated his "rights to [d]ue [p]rocess by labeling [him] a sex offender." (Compl. at 6.) Prisoners may claim the protections of the Due Process Clause—they may not be deprived of life, liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.'" *Id.* at 555 (*quoting Price v. Johnston*, 334 U.S. 266, 285 (1948)). "But though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Id.* "There is no iron curtain drawn between the Constitution and the prisons of this country." *Id.* at 556.

To maintain a procedural due process claim, Plaintiff must prove two elements: 1) that a recognized liberty or property interest has been interfered with by the Defendants; and 2) that the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

### 1.      *Protected Liberty Interest*

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dept. of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted). The Supreme Court has held that, for prisoners, a liberty right exists only where an interference with that right would impose an "atypical and significant hardship on

9

the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Here, Plaintiff alleges that "CDOC, CTCF and the mental health department had classified [him as] a sex offender." (Compl. at 5.) Plaintiff states that, as a consequence, he is in constant fear of assault, depressed due to the effect of the classification on his self-esteem, and has lost prison employment opportunities. (*Id.* at 6.) However, even accepting these allegations as true, the court finds that Plaintiff does not possess a liberty interest in avoiding fear that he **may** receive threats of harm. Moreover, in the absence of further factual allegations, the court finds that fear, depression and damage to one's self-esteem do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life. *Sandin v. Connor*, 515 U.S. at 484; *see McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir. 1981) ("[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action"); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976) (stating that "reputation alone, apart from some more tangible interests such as employment, is neither 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause.")

Moreover, the Constitution does not create a property or liberty interest in prison employment. *Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *2 (D. Colo. Mar. 14, 2006) (*quoting Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)). "For such a legal interest to exist, it must be created by state law in 'language of an unmistakably mandatory character.'" *Id.* However, "Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job" for prison

inmates. *Id.*; *see also Rather v. Conte*, 849 P.2d 884 (Colo. App. 1992) (no constitutionally protected property interest in prison employment exists.) Accepting Plaintiff's allegations as true, he nevertheless fails to allege that Defendants interfered with a protected liberty or property interest.

### *2. Procedures*

Even if a protected liberty interest exists, Plaintiff must still prove that the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections*, 490 U.S. at 460. In the Tenth Circuit, an inmate must be afforded "some process" before he can be classified as a sex offender. *Mariani v. Stommel*, 251 F. App'x 536, 539–40 (10th Cir. 2007) (*citing Chambers*, 205 F.3d at 1243). The *Chambers* Court relied on the Ninth Circuit's decision in *Neal v. Shimoda*[1] to establish that in situations involving non-discretionary sex offender classification, due process mandates that the prisoner be afforded a challenge procedure. 205 F.3d at 1243; *see Gwinn v. Awmiller*, 354 F.3d 1211, 1218 (10th Cir. 2004). The *Shimoda* Court, relying on *Wolff v. McDonnell*, held "that an inmate whom the prison intends to classify as a sex offender is entitled to a hearing at which he must be allowed to call witnesses and present documentary evidence in his defense." 131 F.3d at 831. *See also Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (under *Wolff* standards, the prisoner must receive advance written notice, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the factfinder of the evidence relied on and the reasons for the action taken).

---

[1] 131 F.3d 818, 830–31 (9th Cir. 1997).

Here, Plaintiff's complaint states that he requested a hearing on his classification as a sex offender between December 2006 and January 2007. (Compl. at 5.) Plaintiff's request was accommodated in March 2007, when "[he] went in front of said administrative review board . . . [and] presented [his] case." (*Id.*) Plaintiff asserts that he presented the administrative review board with "proper evidence that showed [he] was not a convicted sex offender and that all other charges against [him] had been dropped." (*Id.*) Plaintiff states that he presented his "PSI report" and "[his] appeals." (*Id.*) Plaintiff's complaint makes it abundantly clear that he was provided with an opportunity to present documentary evidence in his defense a statement by the panel of the reasons for refusing to remove his sex offender classification. Plaintiff neither alleges that he was denied advance written notice of his classification as a sex offender, nor that he was denied the opportunity to call witnesses on his behalf at his hearing.

Plaintiff's chief complaint appears to be that he was classified as a sex offender despite never having been convicted of a sex offense and presenting "[his] PSI report," which allegedly states that "there was no factual basis of any sexual offense and . . . there was no finding of facts that the offense was sexual in any way." (Compl. at 5.) "In order to comport with due process, there must be some evidence to support the hearing panel's decision." *Gwinn v. Awmiller*, 354 F.3d at 1219. With regard to the sufficiency of evidence required in a prison disciplinary hearing, "the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Id.* (*quoting Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985)). The board's decision "can be upheld even if the evidence supporting the decision is 'meager.'" *Id.* (*quoting* 472 U.S. at 457). In *Gwinn,* the Court concluded that the

plaintiff's classification as a sex offender on the basis of a "statement in the presentence report that [he] committed a sexual assault" did not violate his due process rights, despite no prior sex offense convictions. *Id.*

On deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (*citing GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). The "PSI report" Plaintiff refers to in his complaint (Compl. at 5) is the Presentence Investigation report filed in his criminal case, attached to Defendants' Motion as Exhibit A. (Mot., Ex. A.) The court finds the Presentence Investigation report central to Plaintiff's claims and there is no dispute as to its authenticity. Accordingly, the court considers the Presentence Investigation report on the issue of whether Plaintiff has alleged that he was classified as a sex offender on the basis of constitutionally insufficient evidence, constituting a due process violation.

The Presentence Investigation report states, in pertinent part:

> The original charges included sexual assault, but the defendant did not plead guilty to the sexual assault charge. There was no finding of fact that the offense [of conviction] was a sexual offense, . . . ."

(*Id.* at 7.) However, the Presentence Investigation report also states that the investigation by the Adams County Sheriff's Department into the events leading to the criminal charges against Plaintiff Lucas revealed the following:

13

> [The victim] had interviewed Lucas . . . [when] Lucas got up to go to the bathroom, and came back after a few minutes "a totally different man." [Lucas] began to choke [the victim] as she sat on the couch and punched her in the face with a closed fist. He demanded that she perform oral sex on him and punched her a second time. Then he used a box cutter to slash her throat, and forced his penis into her mouth telling her that if she didn't perform the way he wanted her to he was going to rape her vaginally.

(*Id.* at 2.) The entirety of the evidence upon which the board relied when classifying Plaintiff as a sex offender is unknown. However, had the board relied **only** upon the Presentence Investigation report presented to them by Plaintiff—albeit to dispute his classification—the court finds that there was clearly "some evidence" to support the board's decision not to remove the sex offender classification.

Plaintiff fails to allege any facts showing the procedures attendant to his protest concerning his classification were constitutionally insufficient. Plaintiff's failure to allege either deprivation of a protected interest or deficient process is fatal to his due process claim. Accordingly, this court recommends Plaintiff's Fourteenth Amendment due process claim against Defendants be dismissed.

### C. *Claim for Violation of Eighth Amendment Rights*

Reviewing his claims liberally, *Trackwell v. United States*, 472 F.3d at 1243, Plaintiff claims his classification as a sex offender by Defendants violated his Eighth Amendment rights by subjecting him to "constant fear" and "depression." (Compl. at 6.) A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The test for deliberate indifference involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (2000).

The objective component requires that any "deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)) (internal quotation marks omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. The subjective component of the deliberate indifference test is met if the defendants "know[] of and disregard[] an excessive risk to inmate health or safety." 218 F.3d at 1209. To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." 511 U.S. at 833 (1970).

Plaintiff has alleged that he is "in constant fear of [his] life being threatened, or that somebody will find out [about his classification as a sex offender] and severly [sic] injure [him]." (Compl. at 6.) The court will infer that Plaintiff notified Defendants Dickman, Moschetti and Olin at the March 2007 hearing of his fear that other inmates would learn of his classification and threaten to harm him as a result. However, this "fear" on the part of the plaintiff subjectively fails to set forth an excessive risk to Plaintiff's safety that these defendants allegedly ignored. Moreover, Plaintiff has not alleged that he has actually received a single threat of harm as a result of his classification. Without more, Plaintiff's conclusory allegations fail to allege that he is incarcerated under conditions posing a substantial risk of serious harm. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (allegations that Plaintiff is

15

constantly in fear of his life by physical assaults from other inmates who may discover his crime as a sex offense at any time fail to state an Eighth Amendment claim for alleged failure to protect the plaintiffs' safety.)

Since Plaintiff fails to sufficiently allege an Eighth Amendment violation, this court recommends his claim against Defendants should be dismissed.

This court has found that Plaintiff has failed to state a claim that any of his constitutional rights have been violated, therefore the court need not address Defendants' remaining arguments.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' Motion to Dismiss (Doc. No. 24) be GRANTED in its entirety.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of May, 2009

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge